COOLEY LLP
HEIDI L. KEEFE (178960)
(hkeefe@cooley.com)
MARK R. WEINSTEIN (193043)
(mweinstein@cooley.com)
PRIYA VISWANATH (238089)
(pviswanath@cooley.com)
LAM K. NGUYEN (265285)
(lnguyen@cooley.com)
3175 Hanover Street
Palo Alto, CA  94304-1130
Telephone:   (650) 843-5000
Facsimile:    (650) 849-7400

Attorneys for Plaintiffs
HTC Corporation and HTC America, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| HTC CORPORATION, HTC AMERICA, INC., <br><br> Plaintiffs, <br><br> v. <br><br> ACACIA RESEARCH CORPORATION, SAINT LAWRENCE COMMUNICATIONS LLC, <br><br> Defendants. | Case No. <br><br> **COMPLAINT FOR DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF U.S. PATENT NOS. 6,795,805, 6,807,524, 7,151,802, 7,260,521 AND 7,191,123** |
| --- | --- |

Plaintiffs HTC Corporation and HTC America, Inc. (collectively "HTC") seek a declaration that they do not infringe U.S. Patent Nos. 6,795,805, 6,807,524, 7,151,802, 7,260,521, and 7,191,123 (collectively "Patents-in-Suit"):

## NATURE OF THE ACTION

1.      This is an action for a declaratory judgment of non-infringement arising under the patent laws of the United States, Title 35 of the United States Code.   The alleged owner of the Patents-in-Suit, defendant Acacia Research

Corporation (through its alter ego patent holding company, defendant Saint Lawrence Communications LLC), has placed HTC in reasonable apprehension of being sued for alleged infringement based on the sale, offer for sale and/or importation of HTC products. Although HTC does not infringe the Patents-in-Suit, Acacia's lingering allegations against HTC create a cloud over HTC's products and threaten its business and relationships with its customers and partners. A substantial controversy exists between Acacia and HTC, of sufficient immediacy and reality, to warrant a declaratory judgment under 28 U.S.C. § 2201.

## THE PARTIES

2. Plaintiff HTC Corporation is a corporation organized under the laws of Taiwan with its corporate headquarters located at Xindian District, Zhongxing Road, Section 3, No. 88, New Taipei City 231, Taiwan, R.O.C.

3. Plaintiff HTC America is a Washington corporation with offices at 13920 SE Eastgate Way, Suite 200, Bellevue, WA 98005. HTC America is a wholly-owned, indirect subsidiary of HTC Corporation.

4. On information and belief, defendant Acacia Research Corporation ("Acacia Research") is a Delaware corporation headquartered at 520 Newport Center Drive, Newport Beach, CA 92660. Acacia Research also publically claims to have an office at 2400 Dallas Parkway, Suite 200, Plano, TX 75093.

5. On information and belief, defendant Saint Lawrence Communications LLC ("St. Lawrence") is a Texas limited liability company with an address at 2400 Dallas Parkway, Suite 200, Plano, TX 75093 (the same as Acacia's office in Plano, Texas). On information and belief, St. Lawrence is a wholly-owned indirect subsidiary of Acacia Research.

## JURISDICTION AND VENUE

6. This action arises under the Declaratory Judgment Act, 28 U.S.C. § 2201 and under the patent laws of the United States, 35 U.S.C. §§ 1, *et seq*. This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331,

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

2.

**COMPLAINT FOR DECLARATOR JUDGMENT OF NON-INFRINGEMENT**

1338(a), and 2201(a).

7.     This Court has personal jurisdiction over Acacia Research because it maintains its headquarters in Newport Beach, California, which is within this judicial district.  Acacia has also directed its licensing and enforcement activities against individuals and entities located in California and purposefully availed itself of the privileges and protections of doing business in California.  Venue is proper in this judicial district under 28 U.S.C. §§ 1391 (b)-(d), and 28 U.S.C. § 1400(b).

8.     Personal jurisdiction and venue are also proper against St. Lawrence in this judicial district because, on information and belief, St. Lawrence is completely controlled by and an alter ego of Acacia Research.  On information and belief, St. Lawrence has no employees, officers, facilities, operations or assets that are not shared with Acacia Research and/or its other subsidiaries.  For example, according to records from the Texas Secretary of State, St. Lawrence was formed on December 6, 2013 listing "Acacia Research Group, LLC" (a wholly owned subsidiary of Acacia Research) as its sole managing member.  St. Lawrence shares the same business address as Acacia Research's office in Plano, Texas.  The Patents-in-Suit were assigned to St. Lawrence approximately two weeks after its formation.  The patent assignment records of the U.S. Patent and Trademark Office identify Ms. Jennifer Graff as St. Lawrence's correspondent for the Patents-in-Suit.  On information and belief, Ms. Graff is a paralegal working at Acacia Research at its headquarters in Newport Beach.[1]

9.     St. Lawrence has identified Mr. Marvin Key (CEO of St. Lawrence) as responsible for license negotiations with respect to the Patents-in-Suit.  Mr. Key also serves as CEO of Acacia Research Group LLC, the sole managing member of St. Lawrence, and as a Senior Vice President of defendant Acacia Research in

---

[1]  (*See* LinkedIn page for Jennifer Graff <https://www.linkedin.com/pub/jennifer-graff/15/a74/bb7> (last visited March 6, 2015).)

Newport Beach. Acacia Research identifies Mr. Key as "responsible for public policy implementation, Acacia's public communication strategy, and contribut[ing] to the firm's merger and acquisition activity."[2]

10. St. Lawrence has a website at <http://web.saintlawrencegmbh.com> that provides information about the Patents-in-Suit, their alleged applicability to the AMR-WB standard (discussed below), and licensing information including proposed royalty rates. The website domain was registered by Acacia Research with "Wild West Domains" in June 2014, and lists the address of Acacia Research's headquarters in Newport Beach as the sole registrant and administrator.

11. Based on all of these facts, Acacia Research exercises complete control over St. Lawrence, which is a mere shell company and alter ego solely used to hold the Patents-in-Suit for the benefit of Acacia Research. Allowing Acacia Research to avoid jurisdiction and venue through an alter ego shell company would be unjust. Venue and personal jurisdiction are therefore proper with respect to St. Lawrence for the same reasons as Acacia Research.

## ACACIA'S PATENT LITIGATION CAMPAIGN AGAINST HTC AND PRODUCTS THAT USE THE AMR-WB STANDARD

12. Acacia Research holds itself out as a leading company in the business of asserting patents in litigation. Acacia Research is a prolific patent assertion entity that is estimated to have orchestrated the filing of more than 650 patent infringement suits in courts throughout the United States.[3] On information and

---

[2] (*See* Acacia Research website <http://acaciaresearch.com/about-us/#people> (last visited March 6, 2015).)

[3] (*See* T. Cushing, *Know Your Troll: Innovative Display Technologies Targeting Any Company That Creates A Product With An LCD Screen*, available at <https://www.techdirt.com/articles/20140629/12410727724/know-your-troll-innovative-display-technologies-targeting-any-company-that-creates-product-with-lcd-screen.shtml> (last visited March 6, 2015).)

belief, Acacia Research does not manufacture, develop or sell any products or technologies of its own.

13.     Like many other companies in the technology industry, HTC has been a frequent target of patent lawsuits from Acacia Research.  Acacia Research and/or entities owned or controlled by Acacia Research have brought at least fifteen different lawsuits against HTC in the past five years.

14.     St. Lawrence claims to own the Patents-in-Suit through assignment from VoiceAge Corporation in December 2013.  Acacia Research and its alter ego St. Lawrence have publically claimed that the Patents-in-Suit cover mobile handsets that implement the Adaptive Multi-Rate-Wideband ("AMR-WB") speech compression standard.

15.     For example, in July 2014, St. Lawrence Communications GmbH ("St. Lawrence GmbH"), the German subsidiary of defendant St. Lawrence, initiated patent infringement suits in Germany against Vodafone GmbH and Telekom Deutschland GmbH ("German Litigations") based on German counterparts to the Patents-in-Suit.  Acacia Research claims that the defendants in the German Litigations infringe by offering HTC handsets to their customers that practice the AMR-WB standard.  HTC has been served with third party notices in the German Litigations and has been forced to intervene at least in the suit against Telekom Deutschland GmbH based on Acacia Research's allegations against HTC handsets.

16.     On December 9, 2014, HTC wrote a letter to St. Lawrence GmbH, requesting that the parties enter into negotiations for a possible patent license on FRAND (fair, reasonable, and non-discriminatory) terms.  By letter dated December 22, 2014, St. Lawrence GmbH responded by stating that "we are glad to note that HTC is finally contemplating to enter into negotiations for a FRAND license concerning our AMR-WB patent portfolio and that HTC has already taken note of our license rates published on our website."

17. The letter further suggested that a license covering just Germany would not be acceptable, and asked HTC to execute a Non-Disclosure Agreement (NDA) to pursue further discussions. The letter indicated that the NDA would be signed by Mr. Marvin Key "for our parent company [defendant St. Lawrence] that owns foreign counterparts of the patents in our AMR-WB patent portfolio that might also be of interest to HTC." The "foreign counterparts" owned by defendant St. Lawrence, referenced in the letter, are the U.S. patents in the AMR-WB portfolio including the Patents-in-Suit. The December 22 letter further stated that "[o]nce we have received the countersigned NDA we will send you a license agreement for our AMR-WB patent portfolio." HTC signed the NDA on December 26, 2014. HTC and Acacia Research have not to date entered into any license for the AMR-WB portfolio, which includes the Patents-in-Suit.[4]

18. As mentioned above, Acacia Research claims that the Patents-in-Suit in the United States read on the AMR-WB standard. Acacia Research's litigation campaign against AMR-WB has accordingly not been limited to Germany – it also included lawsuits filed in the United States. For example, on April 2, 2014, St. Lawrence filed suit in the U.S. District Court for the Eastern District of Texas against Samsung Electronics, alleging that mobile handsets that practice the AMR-WB standard infringed the Patents-in-Suit. *See Saint Lawrence Comms. LLC v. Samsung Elecs. Co. Ltd. et al.*, No. 14-CV-00293. That suit was dismissed with prejudice on April 22, 2014 based, on information and belief, on a license agreement between Samsung and St. Lawrence. On November 18, 2014, another suit was filed by St. Lawrence against LG Electronics alleging that LG mobile handsets that practice AMR-WB infringe the Patents-in-Suit. *See Saint Lawrence Comms. LLC v. LG Elecs., Inc. et al.*, No. 14-CV-01055. LG has not yet responded

---

[4] Discussions between Acacia Research and HTC occurring after execution of the NDA, if any, are not set forth in this Complaint and not relied upon for purposes of showing subject matter jurisdiction under 28 U.S.C. § 2201.

to the Complaint in that action, and has until April 27, 2015 to do so.

19. The facts set forth above show that a substantial controversy exists between Acacia Research and HTC, of sufficient immediacy and reality, to warrant a declaratory judgment under 28 U.S.C. § 2201. As explained above, Acacia Research has publicly stated that mobile handsets that implement AMR-WB infringe the Patents-in-Suit. Acacia Research has also taken legal action against HTC mobile handsets by, among other things, seeking to enjoin their sale and use through the German Litigations. Acacia Research also indicated that a proposed license agreement for the AMR-WB patent portfolio would be provided to HTC upon execution of the NDA. Acacia Research has also filed at least two lawsuits in the United States against competitors of HTC in the mobile handset market (*i.e.* Samsung and LG). Those two lawsuits were based on the Patents-in-Suit, which are counterparts to the patents asserted in the German Litigations in which HTC products have been targeted, and based on Samsung's and LG's alleged use of the AMR-WB standard. Acacia's conduct and representations to HTC in its December 22 letter, its pattern of conduct and behavior toward HTC in Germany, and its filing of suit against its direct competitors in the United States have created a cloud over HTC's products and threaten HTC's business and relationships with customers and partners. Based on these facts, HTC has more than a reasonable apprehension of suit based on the Patents-in-Suit.

## COUNT ONE

### (Declaration of Non-Infringement of U.S. Patent No. 6,795,805)

20. HTC restates and incorporates by reference the allegations in paragraphs 1 through 19 of this Complaint as if fully set forth herein.

21. St. Lawrence claims to be the assignee of U.S. Patent No. 6,795,805 ("'805 patent") and claims to own all rights, title and interest therein.

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

7.

COMPLAINT FOR DECLARATOR JUDGMENT OF
NON-INFRINGEMENT

22. HTC does not infringe any claim of the '805 patent, but based on the statements and conduct of Acacia Research as detailed above, HTC has a reasonable apprehension of suit. A substantial, immediate, and real controversy therefore exists between HTC, Acacia Research and St. Lawrence regarding the non-infringement of HTC mobile handsets with respect the non-infringement of the '805 patent. A judicial declaration is necessary to resolve this controversy.

## COUNT TWO

### (Declaration of Non-Infringement of U.S. Patent No. 6,807,524)

23. HTC restates and incorporates by reference the allegations in paragraphs 1 through 19 of this Complaint as if fully set forth herein.

24. St. Lawrence claims to be the assignee of U.S. Patent No. 6,795,524 ("'524 patent") and claims to own all rights, title and interest therein.

25. HTC does not infringe any claim of the '524 patent, but based on the statements and conduct of Acacia Research as detailed above, HTC has a reasonable apprehension of suit. A substantial, immediate, and real controversy therefore exists between HTC, Acacia Research and St. Lawrence regarding the non-infringement of HTC mobile handsets with respect the non-infringement of the '524 patent. A judicial declaration is necessary to resolve this controversy.

## COUNT THREE

### (Declaration of Non-Infringement of U.S. Patent No. 7,151,802)

26. HTC restates and incorporates by reference the allegations in paragraphs 1 through 19 of this Complaint as if fully set forth herein.

27. St. Lawrence claims to be the assignee of U.S. Patent No. 7,151,802 ("'802 patent") and claims to own all rights, title and interest therein.

28. HTC does not infringe any claim of the '802 patent, but based on the statements and conduct of Acacia Research as detailed above, HTC has a reasonable apprehension of suit. A substantial, immediate, and real controversy therefore exists between HTC, Acacia Research and St. Lawrence regarding the

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

8.

COMPLAINT FOR DECLARATOR JUDGMENT OF NON-INFRINGEMENT

non-infringement of HTC mobile handsets with respect the non-infringement of the '802 patent. A judicial declaration is necessary to resolve this controversy.

## COUNT FOUR

### (Declaration of Non-Infringement of U.S. Patent No. 7,260,521)

29. HTC restates and incorporates by reference the allegations in paragraphs 1 through 19 of this Complaint as if fully set forth herein.

30. St. Lawrence claims to be the assignee of U.S. Patent No. 7,260,521 ("'521 patent") and claims to own all rights, title and interest therein.

31. HTC does not infringe any claim of the '521 patent, but based on the statements and conduct of Acacia Research as detailed above, HTC has a reasonable apprehension of suit. A substantial, immediate, and real controversy therefore exists between HTC, Acacia Research and St. Lawrence regarding the non-infringement of HTC mobile handsets with respect the non-infringement of the '521 patent. A judicial declaration is necessary to resolve this controversy.

## COUNT FIVE

### (Declaration of Non-Infringement of U.S. Patent No. 7,191,123)

32. HTC restates and incorporates by reference the allegations in paragraphs 1 through 19 of this Complaint as if fully set forth herein.

33. St. Lawrence claims to be the assignee of U.S. Patent No. 7,191,123 ("'123 patent") and claims to own all rights, title and interest therein.

34. HTC does not infringe any claim of the '123 patent, but based on the statements and conduct of Acacia Research as detailed above, HTC has a reasonable apprehension of suit. A substantial, immediate, and real controversy therefore exists between HTC, Acacia Research and St. Lawrence regarding the non-infringement of HTC mobile handsets with respect the non-infringement of the '123 patent. A judicial declaration is necessary to resolve this controversy.

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

9.

COMPLAINT FOR DECLARATOR JUDGMENT OF NON-INFRINGEMENT

## **PRAYER FOR RELIEF**

WHEREFORE, HTC prays for judgment and relief as follows:

A.     Declaring that HTC does not infringe the Patents-in-Suit;

B.     Declaring that judgment be entered in favor of HTC and against Acacia Research and St. Lawrence on each of HTC's claims;

C.     Finding that this case is an exceptional case under 35 U.S.C. § 285;

D.     Awarding HTC its costs and attorneys' fees in connection with this action; and

E.     Awarding such further and additional relief as the Court deems just and proper.


Dated: March 9, 2015                           Respectfully submitted,

                                               COOLEY LLP


                                               */s/ Heidi L. Keefe*
                                               Heidi L. Keefe

                                               Attorneys for Plaintiffs
                                               HTC Corporation and HTC America, Inc.

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

10.

**COMPLAINT FOR DECLARATOR JUDGMENT OF NON-INFRINGEMENT**